UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDGAR L. MOORE,<br><br>        Plaintiff,<br><br>RYAN D. MCCARTHY, Acting Secretary of the Army,<br><br>        Defendant. | CASE NO. 19-cv-5055-RJB<br><br>ORDER ON MOTION TO DISMISS |

This matter comes before the Court on Defendant's Motion to Dismiss. Dkt. 19. The Court has considered the pleadings filed regarding the motion and the remainder of the record herein. For the reasons set forth below, Defendant's motion should be denied, in part, and the remainder of the motion should be renoted for consideration on January 3, 2020.

Plaintiff worked as a Fitness Faculty Manager with the Community Recreation Division, Department of Army Directorate of Family, Morale, Welfare and Recreation at Joint Base Lewis-McCord in Washington. Dkt. 3. On September 10, 2014, Plaintiff filed a formal complaint with the Army alleging discrimination based on his race and disability. Dkt 3. Upon completion of the investigation of Plaintiff's formal complaint, Plaintiff requested a hearing before the Equal

Opportunity Commission (EEOC). Dkt. 3. On March 12, 2018, an EEOC Administrative Judge ("AJ") issued a decision that there was no discrimination and dismissed Plaintiff's complaint. Dkt. 3. Plaintiff appealed to the EEOC Office of Federal Operations ("OFO"). Dkt. 3. On October 18, 2018, the EEOC OFO affirmed the EEOC AJ's decision and dismissal. Dkt. 3. The EEOC OFO's decision informed Plaintiff, in part: "You have the right to file a civil action in the appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision." Dkt. 3, at 75 (emphasis removed).

On January 17, 2019, Plaintiff, *pro se*, filed a complaint with the Court alleging Health Insurance Portability and Accountability Act violations and that his employer discriminated against him based on his race and disability. Dkt. 1. Plaintiff filed an amended complaint on March 7, 2019. Dkt. 3. The civil cover sheet indicates the case involves a tort claim and civil rights violations. Dkt. 1-2. The complaint is on a form and requests the following relief: a 6% pay raise retroactive to July 2012; an early retirement at age 62; $2,500,000.00 in damages for pain and suffering; and the removal of "[l]eadership." Dkts. 1-1, at 56; and 3, at 6.

Defendant now moves for dismissal of the case. Dkt. 19. Defendant argues dismissal is appropriate because (1) federal employers are excluded from coverage under the American with Disabilities Act; (2) Plaintiff's complaint is time-barred because it was filed one day late—91 days after the EEOC OFO's decision; (3) Plaintiff fails to state a plausible claim for a hostile work environment; and (4) Plaintiff cannot establish a claim for disparate treatment. Dkt. 19. Defendant's Motion to Dismiss was noted for November 1, 2019. Dkt. 19.

The Court issued Plaintiff a warning regarding Defendant's Motion to Dismiss. Dkt. 21. On October 17, 2019, the Plaintiff filed a "Response to Defendant's Motion to Dismiss and Request to Continue." Dkt. 22. In this pleading, Plaintiff asserts that he did not file his case too

late because the EEOC OFO's decision specifically states that he had ninety (90) calendar days from the date he received the decision to file a case and that the decision indicated that "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." Dkt. 22, at 8. Plaintiff argues that, to the extent the Defendant seeks dismissal on timeliness grounds, the motion to dismiss should be denied. Dkt. 22. Plaintiff also requests an extension of 60-90 days to the deadline to respond so that Plaintiff can obtain legal counsel. Dkt. 22.

Defendant did not file a reply brief in support of its instant motion to dismiss.

## UNTIMELY FILED SUIT

Plaintiff timely filed suit. Here, the EEOC OFO's decision was mailed on October 18, 2018—91 days prior to Plaintiff filing suit on January 17, 2019. Dkts. 1; and 22, at 8. Although the limitations period to file suit is 90 days under 42 U.S.C. § 2000e-16(c), the EEOC decision mailed to Plaintiff specifically notes that "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." Dkt. 22, at 8 (emphasis removed). Plaintiff contends that the earliest he would have received the decision was October 22, 2018, and the latest was October 25, 2018. Dkt. 22, at 2. Allowing five mailing days from October 18, 2019, the mailing date, Plaintiff had until January 21, 2019, to file suit within the 90-day limitations period. Plaintiff filed suit on January 17, 2019. Therefore, Defendants' motion to dismiss should be denied, in part, only as to the issue of whether Plaintiff untimely filed suit.

## PLAINTIFF'S REQUEST FOR A CONTINUANCE

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (*citing Landis v. North*

*American Co.*, 299 U.S. 248, 254 (1936)); *Leyra v. Certified Grocers of California*, 593 F.2d 856, 863-64 (9th Cir.), *cert. denied* 444 U.S. 827 (1979).

The Court should grant Plaintiff's request for a continuance to permit Plaintiff additional time to obtain legal counsel. The remaining issues of Defendant's motion to dismiss should be renoted for consideration on January 3, 2020.

**THEREFORE,** it is hereby **ORDERED** that:

- Defendant's Motion to Dismiss (Dkt. 19) is **DENIED, in part,** only as to the issue of whether Plaintiff untimely filed suit; and

- Plaintiff's request for a continuance is **GRANTED**, and the remaining issues of Defendant's Motion to Dismiss (Dkt. 19) are **RENOTED** for consideration on **January 3, 2020.**

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of November, 2019.

ROBERT J. BRYAN
United States District Judge