UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDGAR L. MOORE,<br><br>              Plaintiff,<br><br>RYAN D. MCCARTHY, Acting<br>Secretary of the Army,<br><br>              Defendant. | CASE NO. 19-cv-5055-RJB<br><br>SECOND ORDER RENOTING MOTION TO DISMISS |

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. 19) and Plaintiff's Motion to Request More Time (Dkt. 26). The Court is familiar with the motions, materials filed in opposition and support thereto, and the remainder of the record herein. For the reasons set forth below, Plaintiff's Motion to Request More Time should be granted and Defendant's Motion to Dismiss should be renoted to January 31, 2020, to allow Plaintiff more time to obtain counsel.

**I.      <u>BACKGROUND</u>**

In this case, Plaintiff, *pro se*, claims that his former employer, at the Community Recreation Division, Department of Army Directorate of Family, Morale, Welfare, and

Recreation, at Joint Base Lewis-McCord, discriminated against him based on his race and disability. Dkt. 3.

The Court, by its November 7, 2019 Order on Motion to Dismiss (Dkt. 24), denied, in part,[1] Defendant's Motion to Dismiss, granted Plaintiff's request for a continuance to obtain legal counsel, and renoted the remaining issues of the Motion to Dismiss for consideration on January 3, 2020.

Plaintiff did not timely respond to the remaining issues of the Motion to Dismiss, despite the Court filing a warning to Plaintiff regarding deadlines and the instant motion to dismiss. Dkt. 21. On January 2, 2020, Defendant filed a Reply in Support of Motion to Dismiss. Dkt. 25. Defendant's reply provides, in part, the following:

> No attorney has entered an appearance on behalf of Plaintiff. Plaintiff, either *pro se* or through legal counsel, has not filed a response or opposition to Defendant's motion to dismiss, which should have been filed by December 30, 2019. Accordingly, Defendant respectfully requests that the Court grant his motion to dismiss as to the remainder of the motion not decided by Order dated November 7, 2019.

Dkt. 25, at 2 (citations omitted).

Plaintiff filed a Motion to Request More Time on January 2, 2020. Dkt. 26. The motion states only that, "[a]s the Plaintiff, I'm asking for an extension due to the complexity of the legal case and finding a qualified attorney to deal with federal employment law." Dkt. 26.

Defendant filed a response in Opposition to Plaintiff's Motion to Request More Time. Dkt. 27. Defendant argues, in part, that:

> Plaintiff is not entitled to additional time. The allegations of Plaintiff's complaint relate to events that occurred years ago, apparently in 2012 and 2014. Memories fade and witnesses may be more difficult to locate as time passes. Defendant is

---

[1] The court denied, in part, Defendant's Motion to Dismiss as to its argument that Plaintiff's action was not timely filed. Dkt. 24.

unfairly prejudiced by an additional extension and, particularly under these circumstances, where the Court has already granted one extension continuing the noting date from November 1, 2019, to January 3, 2020, is entitled to a timely resolution of the matter.

Dkt. 27, at 2.

On January 9, 2020, Plaintiff filed a reply. Dkt. 28. Plaintiff reports that he has been diligently searching for counsel. Plaintiff provides the names and general locations of three firms he claims to have contacted. Plaintiff adds, "But due to the holiday season and each attorney's schedule, I was not able to obtain counsel." Dkt. 28, at 1. Plaintiff further states that, on January 8, 2020, he received a referral for counsel from the Seattle Litigation Group to have his case reviewed. Plaintiff explains that he was instructed to deliver his records to the Gustad Law Group, which he claims to have delivered on January 9, 2020. Plaintiff remarks that "counsel will need time to review my case." Dkt. 28, at 1.

## II.    DISCUSSION

### A. PRO SE STANDARDS

When a plaintiff proceeds pro se, a district court is required to afford plaintiff the benefit of any doubt in ascertaining what claims plaintiff raised in the complaint and argued to the district court. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), (citing *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001)); *see also Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (pleadings of pro se civil rights plaintiff to be construed liberally, affording plaintiff benefit of any doubt).

Because plaintiff filed this complaint pro se, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623. However, "[p]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

## B. REQUEST FOR RELIEF FROM A DEADLINE

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

The Court should (1) grant Plaintiff's Motion to Request More Time to obtain legal counsel, and (2) warn Plaintiff that he should not disregard court rules and deadlines.

First, although not supported by declaration or affidavit, Plaintiff has described his substantial efforts to obtain counsel. *See* Dkt. 28. The Court recognizes that the holiday season may have problematized Plaintiff's efforts. Defendant has not shown that a short extension of time for Plaintiff to obtain counsel would be unfairly prejudicial. Therefore, the Court should renote the remaining issues of Defendant's Motion to Dismiss for January 31, 2020, giving Plaintiff a short extension of time to obtain counsel.

Second, the Court will not countenance a pattern of missing deadlines. Under Local Rules W.D. Wash. LCR 7(d)(3), Plaintiff's response was due no later than December 30, 2019. Plaintiff's untimely request for additional time was not filed until January 2, 2020. Plaintiff is advised to familiarize himself with the rules of the Court and to abide by all case deadlines.

## III. ORDER

THEREFORE, IT IS HEREBY ORDERED that:

- Plaintiff's Motion to Request More Time (Dkt. 26) is **GRANTED;** and
- The remaining portions of Defendant's Motion to Dismiss (Dkt. 19) are **RENOTED** for consideration on **January 31, 2020**.

1 | The Clerk is directed to send copies of this Order to all counsel of record and to any party
2 | appearing *pro se* at said party's last known address.
3 | Dated this 10th day of January, 2020.

                          ROBERT J. BRYAN
                          United States District Judge