UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDGAR L. MOORE,<br><br>    Plaintiff,<br><br>RYAN D. MCCARTHY, Acting Secretary of the Army,<br><br>    Defendant. | CASE NO. 19-cv-5055-RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. 19). The Court is familiar with the motion, materials filed in opposition and support thereto, and the remainder of the record herein. For the reasons set forth below, the motion should be granted.

## I.     BACKGROUND & RELEVANT FACTS

**1. RELEVANT FACTS**

Plaintiff, proceeding pro se, alleges that his former employer, at the Community Recreation Division, Department of Army Directorate of Family, Morale, Welfare, and Recreation, at Joint Base Lewis-McCord, discriminated against him based on his race and disability. Dkt. 3, at 2–5. Plaintiff worked as a fitness center facility manager. Dkt. 3, at 57.

Although unclear from the record, it appears that Plaintiff may still work for Defendant. *See, e.g.,* Dkt. 3, at 57 (providing that Plaintiff currently works for the federal government).

Plaintiff's complaint was completed on a form. Dkt. 3. Plaintiff indicates on the form, in the Basis for Jurisdiction section, that his claims are brought forth under Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act of 1990 ("ADA"), as codified, 42 U.S.C. §§ 12112 to 12117. Dkt. 3, at 3–4. The form provides that the discriminatory conduct of which Plaintiff complains includes failure to accommodate his disability and unequal terms and conditions of employment. Dkt. 3, at 4. On the form's Statement of Claim section, Plaintiff wrote only, "See attached." Dkt. 3, at 4. On the form's statement of facts section, Plaintiff wrote only, "see attachments." Dkt. 3, at 5. Attached to the complaint are 70 pages of various forms, administrative records, letters, and other documents related to Plaintiff's claims. Dkt. 3, at 8–77.

**2. PROCEDURAL HISTORY**

The complaint's attachments indicate that Plaintiff filed a formal discrimination complaint with the Army on September 10, 2013. Dkt. 3, at 72. Plaintiff alleged discrimination on the basis of his race and disability. Dkt. 3, at 72–73. Plaintiff claimed that he was subject to disparate treatment and a hostile work environment when his supervisor:

(1) Flicked a paper in his face in June 2012;

(2) Counseled him for missing a scheduled athletic event on June 18, 2014;

(3) Questioned his ability to mange the fitness center in July 2014; and

(4) Asked his coworker on July 8, 2014, whether he really had mental and physical disabilities.

Dkt. 3, at 73.[1]

Plaintiff requested a hearing before an administrative judge ("AJ") for the Equal Employment Opportunity Commission ("EEOC"). Dkt. 3. Defendant filed a Motion for a Decision Without a Hearing on October 13, 2016. Dkt. 3. The AJ found no discrimination and granted Defendant's Motion for a Decision Without a Hearing on March 18, 2018. Dkt. 3.

The AJ found that no one in management knew about Plaintiff's disabilities at the time of the alleged incidents and that Plaintiff's disabilities could not have been the basis or motive for the alleged incidents. Dkt. 3, at 67–68. The AJ found that Plaintiff presented no evidence connecting any of the alleged incidents with Plaintiff's race or disability and that the alleged paper-flicking was too remote in time from the 2014 incidents to be considered part of a pattern of harassment. Dkt. 3, at 67–68.

Plaintiff appealed the AJ's decision to the EEOC's Office of Federal Operations ("OFO"). Dkt. 3, at 72. On October 18, 2018, the EEOC OFO affirmed the AJ's decision dismissing the complaint. Dkt. 3, at 74. The EEOC OFO decision included a Notice of Right to Sue letter. Dkt. 3, at 75.

On January 17, 2019, Plaintiff filed his complaint with the Court, along with a request to proceed *in forma pauperis* ("IFP"). Dkt. 1. The Court denied Plaintiff's request to proceed IFP. Dkt. 2. Plaintiff filed an amended complaint (the operative complaint) on March 7, 2019. Dkt. 3.

**3. PENDING MOTION**

On October 9, 2019, Defendant filed the instant Motion to Dismiss, offering three primary arguments for dismissal of Plaintiff's claims:

(1) The Court lacks jurisdiction over Plaintiff's Americans with Disabilities Act

---

[1] These alleged incidents are collectively referred to throughout this opinion as the "four alleged incidents."

|   |   |
|---|---|
| 1 | ("ADA") claim because the ADA does not apply to federal employers. Rather, |
| 2 | Plaintiff must seek relief pursuant to the Rehabilitation Act of 1973 ("Rehabilitation |
| 3 | Act").[2] |
| 4 | (2) Plaintiff failed to timely file suit. |
| 5 | (3) Plaintiff fails to set forth sufficient facts to demonstrate a plausible claim for race and |
| 6 | disability discrimination. |

Dkt. 19.

On October 10, 2019, the Court issued Plaintiff a warning regarding Defendant's instant Motion to Dismiss. Dkt. 21.

On October 17, 2019, Plaintiff filed a partial response in opposition to the instant Motion to Dismiss. Dkt. 22. Plaintiff's partial response asserted that the motion should be denied as to its request for dismissal on grounds of untimeliness. Dkt. 22. Plaintiff did not otherwise respond to the motion to dismiss and requested an extension to the response deadline so that he could obtain the assistance of legal counsel. Dkt. 22.

On November 7, 2019, the Court denied, in part, the instant Motion to Dismiss only as to the issue of whether Plaintiff untimely filed suit. Dkt. 24. The Court granted Plaintiff's request for an extension of time to the response deadline and renoted the remaining issues of the Motion to Dismiss for January 3, 2020. Dkt. 24. Plaintiff's Response was due December 30, 2019. Dkt. 29, at 2.

On January 2, 2020, Plaintiff untimely filed a response. Dkt. 26. Plaintiff requested a second extension to the response deadline to continue seeking the assistance of legal counsel.

---

[2] For purposes of the instant motion, Defendant discusses Plaintiff's claims as though they were brought under the Rehabilitation Act. Dkt. 19.

Dkts. 26; and 28. Defendant opposed Plaintiff's request for more time. Dkt. 27. The Court granted Plaintiff's request for more time and renoted the Motion to Dismiss for January 31, 2020. Dkt. 29.

On January 29, 2020, Defendant filed a reply. Dkt. 30. The reply contends, in part, that Plaintiff has failed to respond to Defendant's Motion to Dismiss. Dkt. 25. Defendant writes that "[n]o attorney has entered an appearance on behalf of Plaintiff. Plaintiff, either *pro se* or through legal counsel, has not filed a response or opposition to Defendant's motion to dismiss, which should have been filed by January 27, 2020." Dkt. 30, at 2.

Plaintiff untimely filed a Response to the Motion to Dismiss on January 30, 2020 (entered on January 31, 2020). Dkt. 31. Plaintiff's response offers two primary arguments: (1) that the Court has jurisdiction; and (2) that Plaintiff has set forth sufficient facts to demonstrate plausible claims for race and disability discrimination. Plaintiff further contends that the record makes reference to only a few instances of employer abuse but that Plaintiff had been subjected to many more instances "of a harassing nature, racist comments and derogatory comments about [his] national origin." Dkt. 31, at 7.

The Court renoted the instant motion for a third time to February 12, 2020, to give Defendant an opportunity to file a reply brief following Plaintiff's untimely response. Dkt. 32. On February 7, 2020, Defendant filed a reply brief. Dkt. 33.

**4. ORGANIZATION OF THE OPINION**

First, the Court discusses pro se standards. Second, the Court discusses general standards of what a complaint must contain. Third, the Court discusses motion to dismiss standards. Finally, the Court discusses Plaintiff's disparate treatment and hostile work environment claims.

## II. DISCUSSION

### A. PRO SE STANDARDS

When a plaintiff proceeds pro se, a district court is required to afford plaintiff the benefit of any doubt in ascertaining what claims plaintiff raised in the complaint and argued to the district court. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), (citing *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001)); *see also Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (pleadings of pro se civil rights plaintiff to be construed liberally, affording plaintiff benefit of any doubt).

Because plaintiff filed this complaint pro se, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623. However, "[p]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

### B. GENERAL RULES OF PLEADING

A complaint stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, the operative complaint is difficult to understand and does not satisfy the rule. *See* Dkt. 3. The complaint's 70-page attachment of various documents is unwieldy and disorganized. *See* Dkt. 3. Nevertheless, the Court has reviewed and is familiar with the complaint and its attached documents.

### C. STANDARDS FOR A MOTION TO DISMISS

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### D. PLAINTIFF'S DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT CLAIMS

The United States has waived its sovereign immunity for employment discrimination claims under various federal anti-discrimination statutes. Title VII provides the exclusive remedy for discrimination claims based on race, color, religion, sex, and national origin. *Brown v. Gen. Servs. Admin.,* 425 U.S. 820, 835 (1976). Additionally, the Rehabilitation Act provides the exclusive remedy for employment discrimination claims based on disability. *Johnson v. Horne,* 875 F.2d 1415, 1420 (9th Cir. 1989), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990).

The operative complaint provides that Plaintiff's claims are brought forth under Title VII and the ADA. Dkt. 3, at 3–4. But the exclusive remedy for a federal employee claiming disability discrimination is under the Rehabilitation Act. *Johnson,* 875 F.2d at 1420. In Plaintiff's response brief, he argues that he is a NAF (nonappropriated funds) employee of the Department of Defense and therefore should not be considered a federal employee. Dkt. 31.

Plaintiff's NAF argument is without merit. Plaintiff apparently points to the NAF employee handbook, which provides, "Although you are a federal employee of the Department of Defense, …. NAF employees are not deemed federal employees for the purposes of laws administered by the Office of Personnel Management (OPM), unless specifically stated or when administratively extended." Dkt. 31, at 2. Plaintiff shows only that NAF employees are subject to different personnel and payroll systems than appropriated funds employees. *See* Dkt. 31. Below, for purposes of the instant motion, the Court discusses Plaintiff's disability discrimination claims as though they were brought forth under the Rehabilitation Act.

Exhaustion of administrative remedies is a prerequisite to suit under both Title VII and the Rehabilitation Act. 42 U.S.C. § 2000e–16; *Vinieratos v. United States*, 939 F.2d 762, 767–75 (9th Cir. 1991). Plaintiff's pleadings include several allegations not reflected in the complaint's attached administrative record. *See, e.g.,* Dkt. 31, at 6–7 (providing, in part, allegations that Plaintiff's supervisor subjected Plaintiff to racist comments, that Plaintiff's supervisor discriminated against him through unknown actions not included in the complaint, and that Plaintiff's supervisor harassed Plaintiff based on his national origin). The Court should not permit Plaintiff to use this case as an end run around the requirement that he exhaust his administrative remedies. *See Vinieratos*, 939 F.2d at 767–75. Therefore, the Court limits its discussion of Plaintiff's claims to the four alleged incidents for which Plaintiff has shown that he has exhausted his administrative remedies.

   1. <u>Disparate Treatment Claim</u>

A plaintiff claiming disparate treatment must first establish a *prima facie* case that: (1) he belongs to a protected class; (2) he was performing his job according to the employer's expectations; (3) he was subjected to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. *See, e.g.*, *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000). Defendant contests the third and fourth prongs of this test. Dkt. 19.

An adverse employment action in the context of a disparate treatment claim "is one that materially affects the compensation, terms, conditions, or privileges of … employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (internal citations omitted).

Plaintiff has not alleged that the four alleged incidents affected his compensation, hours, status, or other terms of employment; therefore, Plaintiff has not alleged that he was subjected to

an adverse employment action. Because Plaintiff has not satisfied the third prong (adverse employment action) of the test above, the Court need not discuss whether Plaintiff has established the fourth prong (that similarly situated individuals outside protected class were treated more favorably).

Therefore, Plaintiff has not pleaded sufficient facts to establish a disparate treatment claim.

### 2. Hostile Work Environment Claim

To establish a *prima facie* hostile work environment case, a plaintiff must show that: (1) he was subjected to verbal or physical conduct of a harassing nature based on his sex, race, or national origin; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment. *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). Defendant primarily contests the third prong of this test. Dkt. 19.

To determine if a work environment is sufficiently hostile or abusive, courts consider the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Flores v. Verdugo,* 441 Fed. Appx. 454, 455 (9th Cir. 2011) (quoting *Harris v. Forklift Sys.*, Inc., 510 U.S. 17, 23 (1993)). The offensive conduct "must be extreme to amount to a change in the terms and conditions of employment[.]" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). "'[S]imple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998).). "These standards for judging hostility are sufficiently demanding to ensure that

Title VII does not become a 'general civility code.'" *Faragher*, 524 U.S. at 788 (quoting *Oncale*, 523 U.S. at 80).

Plaintiff's allegations do not demonstrate a hostile work environment. *See Vasquez*, 349 F.3d at 642 (9th Cir. 2003) (holding that "allegedly harassing incidents, which occurred over the course of more than one year and only two of which contained racially related epithets, did not create a hostile work environment"). Plaintiff has not alleged severe and pervasive conduct connected to his race or disabilities. The four alleged instances do not describe any extremely offensive conduct amounting to a change in the terms and conditions of his employment. Although some of the conduct alleged by Plaintiff appears inappropriate, it does not describe extremely offensive conduct.

Therefore, Plaintiff has not pleaded sufficient facts to demonstrate a hostile work environment claim.

**5. CONCLUSION**

Plaintiff has not pleaded sufficient facts to support his disparate treatment and hostile work environment claims. Therefore, Defendant's Motion to Dismiss (Dkt. 19) should be granted.

### III. ORDER

Therefore, it is HEREBY ORDERED that:

- Defendant's Motion to Dismiss (Dkt. 19) is **GRANTED**; and
- This case is **DISMISSED.**

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of February, 2020.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS- 12